## LEONA P. SAMSON ET AL.
*vs.*
## TOWN OF HARTFORD

Superior Court      Hartford County      File No. 62268

MEMORANDUM FILED NOVEMBER 26, 1940.

*Gross, Hyde & Williams,* of Hartford, for the Plaintiffs.

*Vincent W. Dennis,* Corporation Counsel, and *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Defendant.

BOOTH, J. This is an action based upon section 1201 of the General Statutes, Revision of 1930, for relief from the amount of a tax assessed in the tax year of 1939 by the assessors of the Town of Hartford against property owned by the plaintiffs and known as No. 641 Farmington Avenue. The amount of the tax so assessed was based upon a valuation of $23,400, which valuation is claimed to have been manifestly excessive and could not have been arrived at except by disregarding the provisions of the statute for determining the valuation of such property.

The only evidence bearing upon the method utilized by the assessors in arriving at the assessed valuation of the property is that they adopted a valuation placed by them upon the property in 1933, and that this valuation was arrived at by deducting the amount of $1,000 for depreciation of the building from the amount previously assessed as the total value of the property in 1921. How this original or 1921 value was arrived at did not appear. On the other hand, it appeared that on July 1, 1939, when the tax in question was laid, the property in fact had a market value. This value, according to one of the plaintiffs' experts, was $13,400, and according to another it was $12,000. The only other opinion evidence as to value was given by a real estate expert produced by the defendant who gave as his figure $20,775.

Considerable evidence was offered concerning valuation of similar properties in the same neighborhood and from all of it the court finds not only was there a market value of the plaintiffs' property in 1939 but that such value was $13,400. It is also found that market value was not the basis upon which the board of assessors of the defendant town fixed their valuation of the plaintiffs' property for tax purposes. Section 1143 of the General Statutes, Revision of 1930, provides, in part, that real estate such as dwelling houses and house lots liable to tax by a town shall be set in its list of taxable property at their "present true and actual valuation." And section 1149 of the General Statutes, Revision of 1930, provides that "the present true and actual value of any estate shall be deemed by all assessors and boards of relief to be the fair market value thereof, and not its value at a forced or auction sale."

Where there is no market value it is obvious that this latter rule cannot be applied and other methods of determining the "present true and actual valuation" of the property have been recognized and upheld by our courts, but where there is a market value the statutory rule should be followed. This was not done in the present case. If such had been the basis of the assessment in question the amount thereof would have been far less than the figure arrived at by the defendant's board of assessors in the present instance.

In view of the foregoing and of all the evidence in the case, it is found that the assessed valuation of the plaintiff's property for the year 1939 was arrived at by the defendant's board of assessors in a manifest disregard of the statutory provision concerning such valuation and was in fact $10,000 in excess of its true and actual value as measured by a market which existed at the time. The true and actual value of said property as of July 1, 1939, is found to have been $13,400. Whereupon it is adjudged that the assessor's valuation and assessment of the plaintiffs' property be and the same is modified by reducing the same from $23,400 to $13,400, and that the plaintiffs recover of the defendant their costs.